UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LEWANDOWSKI,

    Plaintiff,

v.                                      Case No. 22-C-49

CITY OF MANITOWOC,

    Defendant.

## DECISION AND ORDER

Plaintiff Robert Lewandowski, who is currently representing himself, filed this action pursuant to 42 U.S.C. § 1983 against Defendant City of Manitowoc. Lewandowski alleges that the City violated his rights by demanding that Lewandowski's political signs be removed from his private property. In addition, Lewandowski claims that the City selectively enforced the sign ordinance against him in violation of the First Amendment because the "city officials disagree with [his] political affiliation" and the sign's message. Compl. at 3, Dkt. No. 1. He asserts that the City used intimidation and excessive fines to force him to remove the signs in violation of the Eighth Amendment. Lewandowski seeks the "ability to display signs with no further harassment." *Id.* at 4. This matter comes before the court on the City's motion for summary judgment. For the reasons that follow, the City's motion will be granted and the case will be dismissed.

## BACKGROUND

As an initial matter, the court notes that Lewandowski did not respond to the City's proposed findings of fact. The City's proposed findings of fact are therefore deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)

("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.").

The City, like many municipalities, has ordinances regulating signs. *See generally* City of Manitowoc Municipal Code Ch. 31 (Sign Ordinance). Dkt. No. 33-1; Def.'s Proposed Findings of Fact (DPFOF) ¶ 8, Dkt. No. 32. The City's Sign Ordinance became effective on June 29, 2021. DPFOF ¶ 9. The Sign Ordinance includes 15 unique sign districts which were created to group similar properties into a district regardless of their zoning and without consideration of any content-based criteria. *Id.* ¶ 10.

Lewandowski displayed political signs on his property in the City. The property on which Lewandowski has displayed his signs is located in the Memorial Drive Corridor District of the Sign Ordinance. *Id.* ¶ 14. The Memorial Drive Corridor District includes size and location provisions applicable to various types of signs. *Id.* ¶ 15. None of the criteria for signs in the Memorial Drive Corridor District are based on content, messaging, or political affiliation. *Id.* ¶ 16. Similarly, none of the criteria for signs in any of the other sign districts set forth in the Sign Ordinance are based upon communicative content. *Id.* ¶ 17. In order to ensure compliance with applicable requirements, the Sign Ordinance requires a permit application to be submitted to the City that provides information about a proposed sign. *Id.* ¶ 22; *see also* Sign Ordinance § 31.800. Applications to display signs are reviewed by the Building Inspector, who is authorized by the Sign Ordinance to issue permits that comply with the applicable requirements of the sign district where the sign will be displayed. DPFOF ¶ 23. The Building Inspector does not consider criteria other than the non-content requirements of the Sign Ordinance in determining whether to issue a permit. *Id.* ¶ 24.

The City uniformly enforces the Sign Ordinance regardless of content or messaging. *Id.* ¶ 43. Before issuing a citation for non-compliance, the City's practice is to first send a letter to an individual deemed to be non-compliant with the Sign Ordinance. *Id.* ¶ 45. If the receipt of the warning letter does not result in compliance, the City issues a citation. *Id.*

In this case, Lewandowski ignored the City's requests for compliance. *Id.* ¶ 46. As a result, the City issued Lewandowski his first citation for violating the Sign Ordinance on September 1, 2021. *Id.* ¶ 12. The City subsequently issued additional citations to Lewandowski for code violations. *Id.* ¶ 25. Because the Sign Ordinance considers each day of non-compliance to be a separate violation, by August 2022, more than 100 citations had been issued to Lewandowski for Sign Ordinance violations. *Id.* ¶¶ 26, 28. The nature of Lewandowski's violations included failure to obtain permits, non-compliance with size requirements, and non-compliance with the physical requirements for particular sign types. *Id.* ¶ 27. The City never considered Lewandowski's political affiliations or the content of his signs in enforcing the Sign Ordinance. *Id.* ¶ 38. In addition, the City has not selectively enforced the Sign Ordinance against Lewandowski, as the ordinance has been and is enforced against all individuals in non-compliance. *Id.* ¶ 44.

The City and Bill Nichols, the Inspection Supervisor in the Building Inspection Department for the City of Manitowoc, tried to work with Lewandowski to bring his signs into compliance. *Id.* ¶¶ 1, 29. The City provided advice and information about the non-content requirements of the Sign Ordinance, which Lewandowski did not heed. *Id.* ¶ 30. Despite the large number of citations issued to Lewandowski, the City agreed to dismiss all but eight citations, to which Lewandowski pleaded no contest. *Id.* ¶ 31. Each of the eight citations resulted in a $376 fine. *Id.* ¶ 32. The amount of Lewandowski's fines totaled $3,008. *Id.* ¶ 34.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Lewandowski asserts that he should be able to "display signs with no further harassment." Compl. at 4. The City argues that Lewandowski's "generalized objection to any regulation of signage is not supported by well-established First Amendment principles." Def.'s Br. at 11, Dkt. No. 31. The First Amendment, as applied to states and local governments through the Fourteenth Amendment, prohibits laws "abridging the freedom of speech." U.S. Const. amend. I. While municipalities can enforce regulations that "do not single out any topic or subject matter for deferential treatment," *City of Austin, Texas v. Reagan National Advertising of Austin, LLC*, 142 S. Ct. 1464, 1472 (2022), they have "no power to restrict expression because of its message, its

4

ideas, its subject matter, or its content." *Reed v. Town of Gilbert, Arizona*, 576 U.S. 155, 163 (2015) (citation omitted). "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed*, 576 U.S. at 163 (citations omitted). A law is "content-based" if the "regulation of speech 'on its face' draws distinctions based on the message a speaker conveys." *Id.* (citation omitted).

Lewandowski does not challenge any provision of the City's Sign Ordinance. The City asserts that the regulations applicable to the Memorial Drive Corridor District, where Lewandowski displayed his signs, are permissible time, place, and manner restrictions. It asserts that "[a]ll of the citations issued by the City to Mr. Lewandowski are based upon violations of provisions" in the City's Sign Ordinance, and include "failure to obtain permits, non-compliance with size requirements, and non-compliance with the physical requirements for particular sign types." DPFOF ¶¶ 8, 27.

A review of the Memorial Drive Corridor District regulations reveals that the regulations are content-neutral and are not based upon any communicative intent. Instead, the Sign Ordinance primarily regulates the size and location of the signs. "A limit on the size and presentation of signs is a standard time, place, and manner rule, a form of aesthetic zoning." *Leibunduth Storage & Van Serv., Inc. v. Vill. of Downers Grove, Illinois*, 939 F.3d 859, 862 (7th Cir. 2019). In short, the City's Sign Ordinance is a valid content-neutral regulation of speech under the First Amendment.

Lewandowski also asserts that the City selectively enforced the Sign Ordinance against him because city officials disagreed with his political affiliation. "The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called

5

'class of one.'" *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) (citations omitted). To support a class of one claim, the plaintiff must show that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 588 (7th Cir. 2021) (internal quotation marks and citation omitted). "Normally, a class-of-one plaintiff will show an absence of rational basis by identifying some comparator—that is, some similarly situated person who was treated differently." *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014). Although the issue of "whether a comparator is similarly situated is usually a question for the fact-finder, summary judgment is appropriate when no reasonable fact-finder could find that plaintiffs have met their burden on the issue." *Srail v. Vill. of Leslie, Illinois*, 588 F.3d 940, 945 (7th Cir. 2009) (citation omitted). In this case, Lewandowski has failed to identify a single comparator. Accordingly, the court concludes that no reasonable jury could find that the similarly situated requirement has been met. The City is therefore entitled to summary judgment on this claim.

Finally, Lewandowski claims that the City imposed excessive fines. The City asserts that the fines imposed on Lewandowski for the Sign Ordinance violations were not excessive. Lewandowski pleaded no contest to eight Sign Ordinance violations, resulting in a fine of $376 per violation, or $3,008 total. "The Eighth Amendment prohibits the imposition of 'excessive fines.'" *Grashoff v. Adams*, 65 F.4th 910, 916 (7th Cir. 2023) (citing U.S. Const. amend. VIII). The Excessive Fines Clause applies to the States under the Fourteenth Amendment's Due Process Clause. *See Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019). "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 324 (1998) (citation omitted). "Although the Excessive

Fines Clause provides a constitutional limit, deference to legislative judgments about appropriate punishments is one of the guiding principles that the Supreme Court has identified." *Grashoff*, 65 F.4th at 921 (citation omitted). The City's Common Council established a penalty range of $50 to $500 for violations of the Sign Ordinance. *See* § 31.960, Dkt. No. 33-7. The $376 assessed by the City for each of Lewandowski's eight Sign Ordinance violations was within the range the Common Council deemed to be appropriate. The fines imposed by the City are not grossly disproportionate to the seriousness of Lewandowski's violations. Therefore, the fines are not constitutionally excessive.

## CONCLUSION

For these reasons, the City's motion for summary judgment (Dkt. No. 30) is **GRANTED**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of October, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
